Matthew P. Minser, Esq. (SBN 296344)
Eric K. Iwasaki, Esq. (SBN 256664)
SALTZMAN & JOHNSON LAW CORPORATION
1141 Harbor Bay Parkway, Suite 100
Alameda, California 94502
Telephone: (510) 906-4710
Email: mminser@sjlawcorp.com
Email: eiwasaki@sjlawcorp.com

Attorneys for Plaintiffs, Boards of Trustees of the Sheet
Metal Workers Pension Trust of Northern California, et al.

## UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BOARDS OF TRUSTEES OF THE SHEET METAL WORKERS PENSION TRUST OF NORTHERN CALIFORNIA; | Case No. |
| | **COMPLAINT** |
| SHEET METAL WORKERS LOCAL 104 HEALTH CARE TRUST; | |
| SHEET METAL WORKERS LOCAL 104 SUPPLEMENTAL PENSION FUND; | |
| SHEET METAL WORKERS LOCAL 104 VACATION-HOLIDAY SAVINGS FUND; | |
| SHEET METAL WORKERS LOCAL 104 AND BAY AREA INDUSTRY TRAINING FUND; | |
| RICK WERNER and SEAN O'DONOGHUE, Trustees, | |
| Plaintiffs, | |
| v. | |
| KINETIC SYSTEMS, INC., a California corporation, | |
| Defendant. | |

//

1

COMPLAINT
Case No.

Parties

1.      The Sheet Metal Workers Pension Trust of Northern California, Sheet Metal Workers Local 104 Health Care Trust, Sheet Metal Workers Local 104 Supplemental Pension Fund, Sheet Metal Workers Local 104 Vacation-Holiday Savings Fund, and Sheet Metal Workers Local 104 And Bay Area Industry Training Fund, are employee benefit plans as defined in the Employee Retirement Income Security Act of 1974 ("ERISA") § 3(3), 29 U.S.C. § 1002(3) and are multi-employer plans as defined by ERISA §3(37)(A) (29 U.S.C. §1002(37)(A)). Plaintiffs Boards of Trustees are the named fiduciaries of Plaintiffs' Trust Funds under ERISA §402(a), 29 U.S.C. §1002(a). Plaintiffs Rick Werner and Sean O'Donoghue are Trustees of the Trust Funds with authority to act on behalf of all Trustees. Plaintiffs Board of Trustees of the Sheet Metal Workers Pension Trust are authorized to bring suit and collect monies for all Plaintiffs, including all other funds to which Defendant is obligated to contribute under the Bargaining Agreements described below. These employee benefit plans and their fiduciaries are together referred to herein as "ERISA Plaintiffs" or "Plaintiffs".

2.      Kinetic Systems, Inc., a California corporation ("Defendant"), is an employer by virtue of ERISA § 3(5), 29 U.S.C. § 1002(5), and NLRA § 2(2), 29 U.S.C. § 152(2).

Jurisdiction

3.      Jurisdiction exists in this Court over the claims asserted by ERISA Plaintiffs by virtue of ERISA § 502, 29 U.S.C. § 1132, in that ERISA Plaintiffs seek to enforce the provisions of ERISA and the terms of their plans, seek to enjoin the acts and practices which violate ERISA, seek equitable relief to redress such violations, and seek all other appropriate relief under ERISA.

4.      Jurisdiction exists in this Court over all the claims by virtue of the Labor Management Relations Act ("LMRA") § 301, 29 U.S.C. § 185, in that Plaintiffs seek to enforce the terms and conditions of a valid Bargaining Agreement.

5.      To the extent jurisdiction over any claim does not exist under ERISA or the LMRA, supplemental jurisdiction exists in this Court over such claims by virtue of 29 U.S.C. § 1367 in that they arise out of a common nucleus of operative facts that form the basis of the federal claims asserted herein, each of which has a substantial ground in federal jurisdiction.

**COMPLAINT**
**Case No.**

Venue

6.      Venue is conferred upon this Court by ERISA § 502, 29 U.S.C. § 1132. Where an action is brought under ERISA § 502 in a district court of the United States, it may be brought at Plaintiffs' discretion, in the district where the plan is administered, where the breach took place, or where a defendant resides or may be found, and process may be served in any other district where a defendant resides or may be found. ERISA Plaintiffs' Trust Funds are administered in this district at their principal place of business in San Ramon, California. Thus, jurisdiction and venue are properly grounded with this Court.

7.      Venue exists in this Court with respect to the claims under LMRA § 301(a), 29 U.S.C. § 185, as this Court has jurisdiction over the parties, as the Sheet Metal Workers International Association Local Union 104 (the "Union") maintains its principal place of business in this district, its duly authorized officers or agents are engaged in representing employee members in this district, and the claims arise in this district.

Intradistrict Assignment

8.      The basis for assignment of this action to this Court's Oakland Division is that all of the events and omissions giving rise to Plaintiffs' claims occurred in the County of Contra Costa, where ERISA Plaintiffs' Funds and the Bargained Entities are administered, and where Defendant therefore failed to fulfill its statutory and contractual obligations to Plaintiffs.

Bargaining Agreements

9.      Defendant entered into the Standard Form of Union Agreement ("SFUA") between the Union and Santa Clara Valley Contractors Association Sheet Metal Division. Defendant also entered into an Affirmation Agreement (the "Affirmation Agreement") with the Union, binding it to the terms of the SFUA. Defendant also entered into  the Recognition Agreement ("Recognition Agreement") with the Local Union No. 104, of the Sheet Metal Workers' International Association, AFL-CIO, where Defendant agreed to unconditionally recognize the Union, its agents or representatives as the  exclusive collective bargaining agent for all employees in the appropriate bargaining unit within the jurisdiction of the Union on all present and future jobsites. Defendant also entered into the Memorandum of Understanding ("MOU") by and between the Union, Bay Area Association of Sheet Metal and Air

3

**COMPLAINT**
**Case No.**

Conditioning Contractors National Association Chapters ("SMACNA"), and the Santa Clara Valley Contractors Association. The SFUA, Affirmation Agreement, Recognition Agreement, and MOU are collectively referred to herein as the "Bargaining Agreements." The Bargaining Agreements, which incorporate the terms of the Trust Agreements establishing the Trust Funds ("Trust Agreements"), require Defendant to make payment of employer contributions to the Plaintiffs Trust Funds, to the Union for union dues, and to the other plans more fully described in the Bargaining Agreements and the Plan Documents of the ERISA Trusts. ERISA Plaintiffs are third-party beneficiaries of the Bargaining Agreements.

10.     Under the terms of the Bargaining Agreements, and the Trust Agreements incorporated therein, Defendant is required to pay certain contributions to: the following funds: Sheet Metal Workers' ("SMW") 104 Union  Dues Check-off, SMW 104 Vacation, SMW Local 104 Health Care Plan, SMW Northern California Pension Plan, SMW National Pension Plan, SMW Local 104 Supplemental Pension Fund, SMW Local 104 and Bay Area Industry Training Fund, International Training Institute, National Energy Management Institute Committee, Sheet Metal Occupational Health Institute Trust, and SMACNA Industry Fund (collectively referred to herein as the "Bargained Entities") and dues to the Union.  Plaintiffs' Boards of Trustees have been authorized to collect and distribute monies due to the Bargained Entities as well as dues due to the Union under the Bargaining Agreements and Trust Agreements.

11.     Under the Bargaining Agreements, and the Trust Agreements incorporated therein, Defendant is required to regularly pay to ERISA Plaintiffs, the Bargained Entities, and the Union, certain sums of money, the amounts of which are determined by the hours worked by Defendant's employees.  Contributions are due on the twenty-second (22nd) day of the month following the month during which hours were worked, and are considered delinquent if not received by that day. Also under the terms of the Bargaining Agreements, and the Trust Agreements incorporated therein, Defendant is required to pay liquidated damages for each delinquent contribution payment, and interest on unpaid contributions from the delinquent date until paid, at the rates set by the Bargaining Agreements and Trust Agreements. Finally, the Bargaining Agreements and the Trust Agreements require Defendant to reimburse Plaintiffs for attorneys' fees and costs incurred in relation to the collection of Defendant's

**COMPLAINT**
**Case No.**

1  delinquent contributions.

2    12.    The Bargaining and Trust Agreements further require Defendant to maintain time

3  records or time cards, and to permit an authorized Trust Fund representative to examine such records of

4  Defendant as is necessary to determine whether Defendant has made full payment of all sums owed to

5  ERISA Plaintiffs. Should an audit of Defendant's records reveal Defendant has failed to provide full

6  and prompt payment of all sums due to Plaintiffs, Defendant must reimburse Plaintiffs for the amounts

7  due, including audit fees, in addition to any other obligations pursuant to the Bargaining and Trust

8  Agreements.

9                                   Factual Allegations

10    13.    Defendant has failed and refused to comply with an audit of its payroll records for the

11  period from January 1, 2015 through December 31, 2018.

12    14.    Plaintiffs are also entitled to recover any and all other contributions, and all liquidated

13  damages and interest on delinquent contributions not specified above, found due on timecards, audit, or

14  otherwise, including estimated contributions for any months Defendant failed to report to Plaintiffs,

15  through the time of Judgment. Plaintiffs reserve the right to conduct a further audit to determine

16  whether there are any additional amounts due from Defendant.

17                               **FIRST CAUSE OF ACTION**
   **For Audit Compliance, Payment of Delinquent Contributions, Interest, Liquidated Damages,**
18                  **Attorneys' Fees and Costs Against Defendant**

19    15.    Plaintiffs re-allege and incorporate by reference paragraphs 1 through 14, above.

20    16.    Defendant has a contractual duty to timely pay the required contributions to Plaintiffs

21  and the Bargained Entities, and to timely pay dues to the Union, pursuant to the Bargaining Agreement

22  and Trust Agreements. Defendant also has a contractual duty under the Bargaining Agreements, and

23  Trust Agreements incorporated therein, to permit an audit of its records to determine whether it is

24  making full and prompt payment of all sums required to be paid by it to Plaintiffs, and to pay Plaintiffs

25  all amounts found due as a result of an audit, including audit fees.

26    17.    In addition, Defendant has a statutory duty to timely make the required payments to

27  Plaintiffs under ERISA § 515, 29 U.S.C. § 1145, and LMRA § 301(a).

28  //

                                      5

**COMPLAINT**
**Case No.**

18.     By failing to make the required payments to Plaintiffs and comply with an audit, Defendant breached the Bargaining Agreements and is in violation of ERISA § 515, 29 U.S.C. § 1145, and LMRA § 301(a). By refusing to permit an audit of its records, Defendant breached the Bargaining Agreements.

19.     Defendant's failure and refusal to permit the audit and pay the required contributions was at all times, and still is, willful. Defendant continues to breach the Bargaining Agreements, and incorporated Trust Agreements, by failing to make the required payments. Said refusal is unjustified and done with knowledge and intent.

20.     ERISA Plaintiffs are without an adequate remedy at law and will suffer continuing and irreparable injury, loss and damage unless Defendant is ordered specifically to perform all obligations required on Defendant's part to be performed under ERISA, 29 U.S.C. §§ 1101-1381, the LMRA, 29 U.S.C. §§ 141-197, and the Bargaining and Trust Agreements, and are restrained from continuing to refuse to perform as required thereunder.

21.     This Court is authorized to issue injunctive relief based on the traditional standard. As set forth above, ERISA Plaintiffs have a strong likelihood of success on the merits. There is the possibility that ERISA Plaintiffs' Trust Funds and their participants will suffer irreparable injuries. The balance of hardships and advancement of public interest favor ERISA Plaintiffs.

22.     This Complaint does not in any manner relate to statutory withdrawal liability that may or may not be assessed against Defendant. ERISA Plaintiffs expressly reserve the right to pursue any such withdrawal liability claims against Defendant as provided by ERISA Plaintiffs' Plan Documents, Trust Agreements, and the law.

Prayer

WHEREFORE, Plaintiffs pray as follows:

1.     For an order,

(a)     requiring that Defendant comply with its obligations to Plaintiffs under the terms of the Bargaining Agreements and Trust Agreements, including permitting an audit of its records as requested by Plaintiffs;

(b)     enjoining Defendant from violating the terms of those documents and of ERISA;

COMPLAINT
Case No.

1    and

2            (c)    enjoining Defendant from disposing of any assets until said terms have been

3    complied with, and from continuation or operating of Defendant's business until said terms have been

4    complied with.

5            2.    For a judgment against Defendant as follows:

6            (a)    Any unpaid contributions, due at time of Judgment, including those determined as

7    due by audit, timecards, or otherwise, including estimated contributions for any months Defendants fail

8    to report to Plaintiffs pursuant to ERISA § 502(g)(2)(A), 29 U.S.C. § 1132(g)(2)(A);

9                    i.    To ERISA Plaintiffs and the Bargained Entities, in accordance with

10   ERISA § 502(g)(2)(A), 29 U.S.C. § 1132(g)(2)(A) and the Bargaining Agreements;

11                   ii.    To the Union in accordance with the Bargaining Agreements.

12           (b)    Liquidated damages on any late-paid and unpaid contributions in an amount

13   provided for under the Bargaining and Trust Agreements, and with respect to ERISA Plaintiffs, ERISA

14   § 502(g)(2)(c), 29 U.S.C. § 1132(g)(2)(c).

15           (c)    Interest on any late-paid and unpaid contributions at the rates set in accordance

16   with the Bargaining Agreements, the Trust Agreements, and ERISA § 502(g)(2)(B), 29 U.S.C. § 1132

17   (g)(2)(B).

18           3.    Plaintiffs' reasonable attorneys' fees and costs of this action, including any audit fees, in

19   accordance with ERISA § 502(g)(2)(D) and (E), 29 U.S.C. § 1132(g)(2)(D) and (E); and in accordance

20   with the Bargaining Agreements for all Bargained Entities; and with LMRA § 301, 29 U.S.C. § 185, for

21   all Plaintiffs.

22           4.    That the Court retain jurisdiction of this case pending compliance with its orders.

23           5.    For such other and further relief as the Court may deem just and proper.

24   DATED: May 1, 2020                          SALTZMAN & JOHNSON LAW CORPORATION

25

26                                        By:    _____/S/_____

27                                               Eric K. Iwasaki
                                                 Attorneys for Plaintiffs, Boards of Trustees of the
                                                 Sheet Metal Workers Pension Trust of Northern
28                                               California, et al.

**COMPLAINT**
**Case No.**